## Tull *v.* Brooke, Appellant.

*Equity—Equity practice—Decree pro confesso—Vacation of decree.*

Where no answer is filed to a bill in equity for an account, and a decree pro confesso is entered, the decree will not subsequently be vacated, where it is made clear to the court that the defendants are under a duty to account.

Argued Dec. 5, 1903. Appeal, No. 27, Oct. T., 1903, by Howard West Brooke, from decree of C. P. No. 1, Phila. Co., Dec. T., 1902, No. 930, discharging rule to vacate pro confesso in case of Samuel P. Tull, committee of the estate of James Henry Brooke, a Lunatic, v. Howard West Brooke and Victorine H. Brooke. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an account.

The opinion of the Superior Court states the case.

*Error assigned* was in discharging rule to vacate decree pro confesso.

*C. Oscar Beasley*, for appellants.

*D. P. Hibberd* and *George Henderson*, for appellee.

OPINION BY MORRISON, J., March 14, 1904 :

The record in this case is printed in a confused manner with the record in No. 46, which is a proceeding in lunacy in which an opinion is filed this day.

But notwithstanding the confused and erroneous manner in which the appeals are presented, we have with considerable labor and trouble decided to examine and try to understand the situation of the cases to the end that no injustice may be done to the lunatic or his estate. The bill in equity is against the lunatic's brother and sister for an accounting for rents alleged they had been collecting for years from the lunatic's estate, The regular notice to the defendants, the appellants, and rule, as required by the equity rules to

enter an appearance and file an answer was indorsed upon the bill and with it served upon them. There is testimony that after the bill was served the appellee personally warned the appellants to file their answer or he would proceed. Two days after the time set for filing an answer a decree pro confesso was entered. Thereafter the present counsel for the defendants filed a petition and procured a rule to vacate the decree pro confesso and for leave to file an answer. To this rule the appellee made answer and depositions were taken by both parties. The learned court below was of the opinion that no sufficient reason was shown for making the rule absolute and it was discharged.

The result of this action of the court is to require the defendants to account for the rents and other property of the lunatic which may have come into their hands. An examination of the testimony convinces us that this action of the court was entirely proper. It cannot work any serious injury to these defendants to account in a court of equity for such money or other property of the lunatic as may have come into their hands. The learned court was evidently convinced from the full investigation that there ought to be an accounting, and therefore it would have been idle to have vacated the decree pro confesso and permit the defendants to file an answer and thus prolong the litigation, which probably could not have been ended without an account.

The assignment of error cannot be sustained and it is dismissed and the decree is affirmed, at the cost of appellants.